## No. 872

### ROEGGE et al v. WERTHEIMER
Cincinnati Superior Court
No. 58881 . Decided Oct. 27, 1923

**372.  VENDOR AND PURCHASER.**

Moving expenses incurred by seller from breach of buyer of realty held recoverable as damages.

MARX, J.

#### Epitomized Opinion

The petition alleged that Wertheimer agreed to purchase Roegge's house and lot and that, relying upon this contract, Roegge contracted to purchase another house and moved into it; that Wertheimer refused to conclude the purchase and Roegge was thereby ob'iged to give up the purchase of the second house and to move back into the old one; that as a result, Roegge incurred  expenses for moving, for cleaning and decorating the second house, and for attorney fees.  Wertheimer moved to strike the allegation as to the expenses from the petition on the ground that such such damages were too remote.  In overruling the motion , the court held:

1. "It is true that the ordinary rule of damages is the difference between the contract price and the value of the land at the time of the breach, but in addition to this, it is clear that the seller may recover any expenses to which he has been put by reason of the buyer's breach which were within the contemplation of the parties, and which both parties knew would naturally and probably result to the seller if the buyer did not perform his contract."  25 CC. ns. 225, 45 OCC. 244, 19 CC. ns. 403, 39 OCC. 587.

Attorneys—V. H. Beckman and J. A. McDonald, for Roegge; A. D. Shockley and Rogers Wright, for Wertheimer.

## No. 873

### COURTLAND BUILDING CO. and DALE v. BLUMENTHAL et al
Decided March 8, 1923

**231.  LANDLORD AND TENANT.**

Occupation by tenant without ocjection of premises which have been repaired by landlord as condition precedent to commencement of leasehold, work waiver of tenant's right to object thereafter to improvements—Structural Changes mentioned, which are acts of waste.

MARX, J.

#### Epitomized Opinion

Dale leased to Blumenthal two ajdoining store-rooms with the basements underneath for a drug store and Dale agreed to make certain alterations to combine the two stores.  When these alterations were comp'eted Blumenthal took possess'on but pro-eeded to make other alterations which he claimed Dale had failed to make.  This action was brought to enjoin the making of these repairs for Blumen-thal by Courtland Building Company.  The lease provided that lessee would make no alterations or additions without the consent of the owner, and lessee also agreed not to commit waste.

In making permanent the restraining order the Court of Appeals held:

1. Dale substantially performed the contract regarding the improvements.  Enlarging the opening in the brick wall, changing the main entrance doors, cutt'ng transoms, and changing the glass front of a building are all acts of waste.

2. Where the landlord makes improvements in premises as a condition precedent to the commencement of the leasehold, the occupation without objection by the tenant of the premises amounts to a waiver by the tenant of the sufficiency of the improvements.

Attorneys—Dale and Dale, for Dale; Ochiltree, for B'umenthal.