### DUDOCK v. ALEXANDER, et.
Ohio Appeals, 9th Dist., Summit Co.
No. 1359. Decided Jan. 13, 1928.
First Publication of this Opinion.
Syllabus by Editorial Staff.

**297. CONTRACTS.**

Provision, in contract for sale of real estate, that same is subject to owners being able to deliver free and clear and that on failure to deliver, down payment is to be refunded, held not to give option of arbitrary rescission.

**753. MEASURE OF DAMAGES.**

1. For failure to perform contract for sale of real estate, is contract price, less value of real estate sold.

2. Expense in having tenants vacate premises and loss of rent, held proper element of damages to be considered.

3. Liability for commission held not proper element of damages.

4. Cost of certificate of title procured in anticipation of contract being fulfilled held not proper element of damages.

Error to Common Pleas.
Judgment reversed.
Jonathan Taylor, Akron, for Dudock.
Musser, Kimber & Huffman, Akron, for Alexander.

### STATEMENT OF FACTS

In her petition, Anna Dudock stated that she entered into a contract with the defendant Mary M. Upperman, in which plaintiff agreed to purchase of Mrs. Upperman certain real estate, and in payment therefor agreed to deed certain real estate to Mrs. Upperman and pay her a certain amount of money. The agreement of the parties is in writing and is in part as follows:

"Akron, Ohio, May 5, 1926.

"Received of Anna Dudock $50.00, to apply as part payment on the purchase price of property * * *.

"This agreement is made subject to the consent of owner and subject to Anna Dudock's being able to deliver said Baird Street property free from incumbrance.

"If Anna Dudock fails to deliver, this money to be refunded by the said Mary M. Upperman.

"Accepted: C. P. Alexander, Agent, 5-5, '26, Mary Anna Dudock. M. Upperman. By Andy Dudock.

"Akron, Ohio, May 25, 1926.

"Received of Anna Dudock C/D 8140 issued to Anna Dudock and C. P. Alexander, Agent, for $450.00 pending satisfactory settlement of terms in sale contract.

"The Citizens Savings & Loan Co.,. By Roy H. Musser."

The plaintiff refused to perform her part of the contract and brought this action to recover the $500 she had paid thereon. A jury was waived and the trial resulted in a judgment in favor of Mrs. Upperman for $500 for failure to comply with the terms of her contract.

There is no claim that plaintiff failed to deliver a deed of her property because of her inability to convey the same free from incumbrance, but plaintiff in error bases her claim or right to recover the $500 paid, squarely upon the language of said contract, wherein it is provided that "If Anna Dudock fails to deliver, this money to be refunded by the said Mary M. Upperman. It is argued that, because of said provision in said contract, the plaintiff had a right to refuse to comply with the contract, for any reason, or for no reason at all, and recover what she had paid on the contract.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WASHBURN, PJ.

We cannot agree with plaintiff's construction of this contract. We think that the language quoted must be construed in connection with the other provisions of the contract, and that when so construed, it means that if plaintiff failed to deliver a deed of her property because she was not able to convey it free from incumbrance, she should have a right to the return of the money paid, and that a failure to deliver simply because the plaintiff did not choose to fulfill her contract, constituted a breach of the contract, and, under the pleadings in this case, entitled Mrs. Upperman to damages against the plaintiff for such breach.

The court erred, however, in the assessment of damages. The proper measure of damages was not observed either in the evidence offered or in the judgment.

In situations like this, the general rule is that if the purchaser abandons the contract and fails to perform, the measure of damages is the contract price less the value of the real estate sold. Evidence was introduced tending to show that in consequence of plaintiff's insisting that she be given possession, Mrs. Upperman was put to some slight expense in having her tenants vacate the premises, and that she lost a small amount of rent. This, we think, in view of the conduct of the parties as shown by the record, being properly plead, was a proper element of damages to be considered.

The claim was also made, in the pleadings, and some evidence was introduced in support thereof, that while Mrs. Upperman had no contract therefor, she would be liable to Mr. Alexander, who was her agent in renting and managing the property, for a commission for the sale of the same. Under the circumstances of this case, we do not think that this was a proper element of damages.

The same reasoning applies to the item for cost of certificate of title, which Mrs. Upperman procured in anticipation of the contract being fulfilled.

Even if these items could be properly considered, the judgment exceeds the damages shown by the record, and, the judgment not being sustained by the evidence, is reversed and the cause remanded.

(Funk, J. and Pardee, J., concur.)