[Cite as *Kirkwood v. FSD Dev. Corp.*, 2012-Ohio-2922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97371**

## MILDRED KIRKWOOD

PLAINTIFF-APPELLANT

vs.

## FSD DEVELOPMENT CORPORATION

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704593

**BEFORE:** Blackmon, A.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**ATTORNEY FOR APPELLANT**

Joseph A. Pfundstein
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122


**ATTORNEY FOR APPELLEE**

Dennis A. Rotman
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Mildred Kirkwood appeals the trial court's failure to award damages in her breach of contract action against FSD Development Corporation ("FSD") and assigns the following error for our review:

> **I. The trial court erred in stating that it was not in a position to award damages for defendant-appellee's breach.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On October 7, 1997, FSD entered into an agreement to purchase land belonging to Kirkwood and her now deceased husband. Under the terms of the agreement, FSD was to purchase land located at 5080 Brainard Road in Solon, Ohio, for the price of $87,500. The land to be purchased consisted of all of permanent parcel number 951-02-14 ("parcel 14") and the rear part of parcel number 951-02-15 ("parcel 15").

**{¶4}** In addition, the Kirkwoods would retain one acre of parcel 15, specifically the front portion upon which the home sits, and convey the remainder to FSD. Further, to complete the conveyance of the rear portion of parcel 15, a lot split was required.

**{¶5}** However, during the pendency of the transaction, FSD learned that a mortgage in the amount of $100,000 existed on the subject property. To facilitate the transfer, FSD paid off the Kirkwoods' existing mortgage, effectively paying $69,000 for parcel 14, and retained a mortgage in the amount of $31,000 on parcel 15. Thereafter,

the Kirkwoods conveyed marketable title to parcel 14, began making monthly mortgage payments to FSD, and sought to obtain the lot split of parcel 15.

{¶6} To effect the transfer, Kirkwood submitted an application to the Solon Planning Commission to split off 1.26 acres from the rear of parcel 15 and to consolidate it with parcel 14. Subsequently, FSD brought a foreclosure complaint against Kirkwood for nonpayment of the mortgage note pertaining to parcel 15, and another complaint for specific performance to force Kirkwood to obtain the lot split. FSD dismissed the foreclosure complaint after Kirkwood paid off the mortgage, and also dismissed the complaint for specific performance.

{¶7} On September 22, 2009, Kirkwood filed suit against FSD for breach of contract. In the complaint, Kirkwood alleged that FSD breached the contract to purchase the aforementioned real estate by failing to cooperate in effecting the lot split and consolidation. In addition, Kirkwood alleged that FSD simply decided it no longer wanted the property. Kirkwood sought specific performance of the contract or, in the alternative, judgment in the amount of $30,000.

{¶8} On March 11, 2010, FSD filed a motion for summary judgment, which Kirkwood opposed. Kirkwood attached an affidavit averring that, despite repeated assurances from FSD that they would have the plat and survey prepared for the application to split and consolidate the lots, FSD failed to prepare the documents, and ultimately indicated that they would not prepare the documents because they no longer wanted the property.

**{¶9}**   On May 17, 2010, the trial court issued a corrected journal entry granting summary judgment in favor of FSD, and Kirkwood appealed.   In *Kirkwood v. FSD Dev. Corp.*, 8th Dist. No. 95280, 2011-Ohio-1098, having found that there were genuine issues of material fact as to whether FSD breached the purchase agreement by failing to cooperate in obtaining the lot split and consolidation and in deciding that it did not want the property, this court reversed the trial court's decision and remanded the case.

**{¶10}**   On August 30, 2011, following our remand, the trial court conducted a bench trial.   At that juncture, Kirkwood abandoned her request for specific performance, opting to seek only damages based on breach of contract.   The evidence presented established that despite Kirkwood's willingness to effect the lot split and consolidation, FSD refused to pay an engineer or surveyor, and effectively stalled the process.

**{¶11}**   At the close of the trial, the court concluded that the evidence established that FSD had indeed breach the contract, but found that Kirkwood had not presented any evidence of the fair market value of the property at the time of the breach.   The trial court awarded no damages, and Kirkwood now appeals.

**Breach of Contract and Damages**

**{¶12}**   In the sole assigned error, Kirkwood argues the trial court erred when it failed to award damages.

**{¶13}**   Generally, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the

plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure. *Anzalaco v. Graber*, 8th Dist. Nos. 96761 and 96787, 2012-Ohio-2057, citing *Lawrence v. Lorain Cty. Community College*, 127 Ohio App.3d 546, 549, 713 N.E.2d 478 (9th Dist.1998).

{¶14} In the instant case, there is no dispute that a contract existed, Kirkwood fulfilled her obligations, and FSD failed to fulfill its obligations. At trial, Gary Hoffman, the FSD's founder's son was queried about the contract as follows:

> **Q.** **Who made the decision on behalf of FSD that they no longer wanted the property?**
>
> **A.** **Robert Hoffman. He specifically said to me, this contract has been around since 1997. Dad, I told you there is going to be costs here. And he says, he said, I can't deal with this any more. We've been doing this for seven years already.** Tr. 54.

{¶15} Therefore, the evidence clearly established that FSD breached the contract. However, damages is the only element missing for Kirkwood to prevail on her breach of contract claim. The trial court's opinion stated in pertinent part as follows:

> **\* \* \* The problem this court faces, however, is that Mrs. Kirkwood presented no evidence of fair market value of the property at the time of FSD's breach. Nor did Mrs. Kirkwood present an alternative valuation of the property, except for the agreed-upon price of $18,500 for 1.26 acre portion of Parcel 15.**

{¶16} The proper measure of damages for a buyer's breach of contract for the sale of real property is the difference between the original contract price and the fair market value of the property at the time of the breach. *Snider-Cannata Interests, L.L.C. v.*

*Ruper*, 8th Dist. No. 93401, 2010-Ohio-1927, citing *Roesch v. Bray*, 46 Ohio App.3d 49, 50, 545 N.E.2d 1301 (6th Dist.1988).

**{¶17}** Here, as the trial court stated above, Kirkwood presented no evidence of the fair market value of the property at the time of FSD's breach and did not present an alternative valuation of the property. Had Kirkwood presented some evidence of what the property was worth in 2004, when the breach occurred, the trial court would have been in a position to determine the measure of damages. Kirkwood failed to do this. As such, the trial court was unable to determine Kirkwood's damages.

**{¶18}** Nonetheless, Kirkwood argues she expended approximately $25,000 in additional mortgage interest payments as a result of the breach. However, Ohio courts have held that "a seller is not entitled to damages to compensate for additional property taxes, interest, utilities, and home maintenance expenses following a buyer's breach of a real estate contract." *Hiatt v. Giles*, 2d Dist. No. 1662, 2005-Ohio-6536, ¶ 41, citing *Hussey v. Daum*, 2d Dist. No. 15434, 1996 WL 220897 (May 3, 1996); *Kauder v. Thompson*, 2d Dist. No. 9265, 1986 WL 5424 (May 9, 1986).

**{¶19}** In light of the above, despite the clear breach, the trial court was unable to award damages. Accordingly, we overrule the sole assigned error.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR