JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Marvin Sartin ("Sartin"), appeals the trial court's judgment granting plaintiffs-appellees,' Dominick and Rosemarie DiPerna (the "DiPernas"), motion for judgment notwithstanding the verdict as to proximate cause, and motion for a new trial as to damages. We affirm.
 {¶ 2} The DiPernas initiated this negligence action in January 2006, following a car accident involving Dominick DiPerna ("DiPerna") and Sartin in January 2004. After discovery, the case proceeded to a jury trial. The jury returned a verdict in favor of Sartin, and the court entered judgment on the verdict.
 {¶ 3} The DiPernas filed a motion for judgment notwithstanding the verdict, or alternatively, for a new trial, which Sartin opposed. The trial court granted in part and denied in part the DiPernas' motion. Specifically, the court denied the motion to the extent that the DiPernas sought a new trial based upon jury misconduct. The court granted the motion on the issue of proximate cause, finding that "reasonable minds could come to but one conclusion, and that conclusion is that [Sartin] caused the collision." Having found that Sartin's *Page 4 
negligence proximately caused the accident, the court ordered a new trial as to all other issues.
 {¶ 4} The testimony at trial established the following. The accident occurred on January 24, 2004 at approximately 3:45 p.m. at the intersection of Five Points Road and Engle Road in Brook Park, Ohio. DiPerna was traveling northbound on Five Points Road in his Ford Focus. Sartin, a professional truck driver, had been traveling westbound on Engle Road in an "18 wheeler" truck. Engle Road and Five Points Road intersect at right angles, and there are two stop signs controlling the traffic on Engle Road where Sartin was driving. There were no stop signs or traffic lights on Five Points Road where it intersects with Engle Road. Thus, by Sartin's own admission, DiPerna had the right of way.
 {¶ 5} Sartin testified that he stopped his truck at the stop sign at the intersection of Engle and Five Points Roads, but a sign obstructed his view of the northbound traffic on Five Points Road. Sartin testified that because of the obstruction, he "edged" forward a couple of feet in order to see the oncoming traffic, and DiPerna's car ran into the side of his truck.
 {¶ 6} DiPerna testified that he saw Sartin's truck coming at him, "slammed on his brakes," and the truck hit him from the side. An eyewitness to the accident testified that he "just saw the truck going through the stop sign and hit the car." *Page 5 
 {¶ 7} In his first assignment of error, Sartin contends that the trial court erred by granting the DiPernas' motion for judgment notwithstanding the verdict.
 {¶ 8} We review the trial court's ruling on a motion for judgment notwithstanding the verdict de novo, applying the same standard of review the trial court uses. Kanjuka v. MetroHealth Med. Ctr.,151 Ohio App.3d 183, 2002-Ohio-6803, 783 N.E.2d 920, ¶ 14. A motion for judgment notwithstanding the verdict may be granted if, viewing the evidence in the light most favorable to the non-moving party, reasonable minds can come to but one conclusion on a determinative issue, and that conclusion is adverse to the non-moving party. Id.
 {¶ 9} To establish a cause of action for negligence, the plaintiff must show 1) the existence of a duty, 2) a breach of duty, and 3) an injury proximately resulting therefrom. Menifee v. Ohio Welding Prod.,Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. It is settled law that "[w]here a legislative enactment imposes upon any person a specific duty for the protection of others," the failure to perform that duty is negligence per se. Eisenhuth v. Moneyhon (1954), 161 Ohio St. 367,119 N.E.2d 440, paragraph two of the syllabus. See, also, Alapi v. ColonyRoofing, Inc., Cuyahoga App. No. 83755, 2004-Ohio-3288, ¶ 36; Stout v.Ellinger (1951), 154 Ohio St. 418, 96 N.E.2d 246 ("The operator of a motor vehicle, who fails to stop in obedience to a stop sign * * * and thereby fails to yield the right of way to all other vehicles not obliged to stop, is guilty of negligence per se * * *." Id. at paragraph two of the syllabus.) *Page 6 
 {¶ 10} R.C. 4511.43(A), governing the right-of-way at through-highways, provides as follows:
 {¶ 11} "(A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."
 {¶ 12} The trial testimony established that DiPerna had the right of way, and Sartin failed to yield to DiPerna's vehicle. Although Sartin described DiPerna's car as "running into" his truck, Sartin's more detailed testimony about how the collision occurred established that, in essence, despite his inability to clearly view the northbound traffic on Five Points Road, Sartin proceeded to "edge" his truck into the northbound lane:
 {¶ 13} "There wasn't a clear view. There's a traffic sign. I think it says `Do Not Enter.' I looked left and right and left, and this [the traffic sign] was blocking some of *Page 7 
my view, so I put the truck in gear and was pulling up to make sure that nothing was coming, and as soon as I got into the road, BAM, I was hit." (Emphasis added.)[1]
 {¶ 14} Sartin estimated that he had driven his truck "about two feet, maybe just a little bit more," into the lane where DiPerna was driving, and that the collision was "instantaneous."
 {¶ 15} This testimony established that Sartin was negligent per se, in that he failed to yield to DiPerna, who was not subject to a stop sign, yield sign, or traffic light. Because this conduct was negligence per se, Sartin would be liable for any injuries he proximately caused. SeeSikora v. Wenzel (2000), 88 Ohio St.3d 493, 496-97, 2000-Ohio-406,727 N.E.2d 1277.
 {¶ 16} We are not persuaded by Sartin's argument that DiPerna violated the assured clear distance rule under R.C. 4511.21(A). A person violates the assured clear distance statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Pond v. Leslein (1995), 72 Ohio St.3d 50, 52, citing Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7. *Page 8 
 {¶ 17} When asked if he saw DiPerna's car before he hit it, Sartin responded: "No. I didn't see it before it hit my truck. It was — when I pulled up, it was almost instantaneous." Thus, Sartin's testimony defeats the third element necessary for a violation of the assured clear distance rule, that is, that DiPerna did not suddenly appear in Sartin's path.
 {¶ 18} Moreover, although Sartin argues that DiPerna "caused the accident by driving too fast for the icy road conditions and failing to avoid the truck[,]" a fair and accurate reading of the trial testimony does not support this allegation. As to Sartin, he did not (and could not) testify as to DiPerna's speed because he did not see DiPerna when he pulled out onto Five Points Road. DiPerna testified that he was traveling within the speed limit and that he lost control of his vehicleafter Sartin hit it. He further testified that the accident was within seconds from the time he saw the truck "out of the corner of his eyes," and the truck hitting him. The eyewitness was silent on the issue of DiPerna's speed. In regard to the weather conditions, Sartin was the only one who described the road as icy; DiPerna was silent on the issue and the eyewitness denied that the roads were icy.
 {¶ 19} In light of the above, the trial court did not err in finding that "reasonable minds could come to but one conclusion, and that conclusion is that [Sartin] caused the collision." Sartin's first assignment of error is overruled.
 {¶ 20} In his second assignment of error, Sartin contends that the trial court abused its discretion by granting the DiPernas' motion for a new trial. *Page 9 
 {¶ 21} Under Civ. R. 59(A)(6), the grounds relied on by the trial court for granting the DiPernas' motion, a new trial may be granted when the judgment is not sustained by the weight of the evidence.
 {¶ 22} We review the ruling on a motion for a new trial for an abuse of discretion. Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307, 312,1995-Ohio-224, 649 N.E.2d 1219. Unless the trial court's decision was unreasonable, arbitrary, or unconscionable, we will not disturb it on appeal. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 23} In explaining its ruling granting the DiPernas motion for a new trial, the trial court stated:
 {¶ 24} "It is uncontroverted that [DiPerna was] proceeding with the right of way on Five Points Road, and [Sartin] was operating his 18-wheel tractor trailer rig on Engle Road and was required to stop and yield the right of way to [DiPerna] at the intersection of those two streets. Although [Sartin] stated that he did stop before entering the intersection, the evidence is that he did enter the intersection and did collide with [DiPerna]. And, Sartin did admit that [DiPerna] had the right of way. [Sartin's] truck entered that right of way and collided with the center portion of [DiPerna's] car. Clearly, [Sartin's] negligence was the proximate cause of the collision and, [the DiPernas] are entitled to judgment accordingly. As to all other issues, [the DiPernas] are entitled to a new trial." *Page 10 
 {¶ 25} As already discussed, we find that Sartin's conduct was negligent per se. As such, the trial court did not abuse its discretion in granting the DiPernas' motion for a new trial based on weight of the evidence. The second assignment of error is overruled.
 {¶ 26} Because the trial court did not err in granting the motion for judgment notwithstanding the verdict and did not abuse its discretion in granting the motion for a new trial, the trial court's judgment is affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR
[1] Similarly, in a pretrial motion (motion in limine to exclude the police report), defense counsel stated that Sartin "edged forward to get a better view of oncoming traffic * * * and traveling approximately three miles per hour, his cab's front end actually entered Five PointsRoad at the time he and Plaintiff's previously unseen vehicle collided." (Emphasis added.) *Page 1