JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Mark Wasserman, appeals the rulings of the Cuyahoga County Court of Common Pleas that (1) denied his motion for prejudgment interest, and (2) denied his motion for judgment notwithstanding the verdict. For the reasons stated herein, we affirm.
 {¶ 2} On June 30, 2006, Wasserman filed a complaint against appellee, The Home Corporation ("THC"), asserting claims for breach of contract, breach of warranty, and violations of the Ohio Consumer Sales Practices Act ("OCSPA"). The claims arose out of a contract entered between the parties on May 28, 1996, pursuant to which THC installed a new roof on Wasserman's home. Wasserman alleged that THC failed to complete the work in a competent and workmanlike manner, that he experienced defects and problems with the roof during the ten-year guarantee period, that THC failed to remedy the defects and problems despite Wasserman's written requests, and that THC failed and refused to honor the "no leak guarantee" and its other contractual obligations.
 {¶ 3} The matter proceeded to a jury trial. The jury rendered a verdict in Wasserman's favor on the breach of contract claim in the amount of $700, and on the breach of warranty claim in the amount of $6,700. The jury rendered a verdict in THC's favor on the OCSPA claim. In response to an interrogatory, the jury found that THC had not committed an act or engaged in a practice that was unfair or deceptive. *Page 4 
 {¶ 4} Wasserman filed a motion for judgment notwithstanding the verdict on his OCSPA claim. He also filed a motion for prejudgment interest. Both motions were denied by the trial court. Wasserman has appealed these rulings.
 {¶ 5} Wasserman's first assignment of error challenges the denial of his motion for prejudgment interest. He argues that he was entitled to an award of prejudgment interest pursuant to R.C. 1343.03(A).
 {¶ 6} R.C. 1343.03(A) provides, in relevant part, for the award of prejudgment interest in contract actions to a creditor "when money becomes due and payable upon any * * * instrument of writing." In this case, although the damages awarded to Wasserman arose from a contract claim, the debt was not one that was "due and payable" upon an instrument of writing.
 {¶ 7} As stated by one court: "Although the terms of R.C. 1343.03(A) clearly allow interest to run from every breach of contract judgment, prejudgment interest is not an entitlement in every breach of contract action. * * * Prejudgment interest under R.C. 1343.03(A) is based on the premise that a party to a contract should not retain the use of money owed under a contract when that amount is due and payable to the other contracting party." RPM, Inc. v. Oatey Co., Medina App. Nos. 3282-M, 3289-M, 2005-Ohio-1280 (internal citations and quotations omitted), distinguishing Royal Electric Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110; see, also, Masiongale *Page 5 Electrical-Mechanical, Inc. v. Constr. One, Inc., Franklin App. No. 02AP-138, 2002-Ohio-4736.
 {¶ 8} The Ohio Supreme Court has recognized that prejudgment interest acts as compensation and serves ultimately to make the aggrieved party whole. Royal Electric, 73 Ohio St.3d at 117. Thus in determining whether to award prejudgment interest pursuant to R.C. 1343.03(A), a court need only ask one question: "Has the aggrieved party been fully compensated?" Id. at 116.
 {¶ 9} In this case, Wasserman was not owed money under the contract. Rather, he was awarded damages relating to work performed under the contract. It is apparent that the damage award fully compensated Wasserman for his claims; therefore, he was not entitled to prejudgment interest under R.C. 1343.03(A). We find the trial court did not err in denying Wasserman's motion for prejudgment interest, and we overrule Wasserman's first assignment of error.
 {¶ 10} Wasserman's second assignment of error challenges the denial of his motion for judgment notwithstanding the verdict.
 {¶ 11} A motion for a directed verdict or judgment notwithstanding the verdict is properly granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one *Page 6 
conclusion upon the evidence submitted and that conclusion is adverse to such party[.]" Civ. R. 50(A)(4). We review the trial court's ruling on a motion for judgment notwithstanding the verdict de novo. Diperna v.Sartin, Cuyahoga App. No. 90158, 2008-Ohio-3031.
 {¶ 12} The OCSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions. Einhorn v. FordMotor Co. (1990), 48 Ohio St.3d 27, 29; R.C. 1345.02(A). An intent to deceive the consumer is not required to establish an OCSPA violation. Instead, the generally recognized touchstone in making the determination is whether the act "has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts." Lump v. BestDoor Window, Inc., Logan App. Nos. 8-01-09, 8-01-10, 2002-Ohio-1389, citing Frey v. Vin Devers, Inc. (1992), 80 Ohio App.3d 1, 6.
 {¶ 13} Although there have been circumstances where a breach of contract or a breach of warranty has constituted a violation of the OCSPA, not every such breach will constitute a OCSPA violation. SeeLump, supra. Indeed, a breach of contract is not necessarily rooted in a deceptive act pursuant to R.C. 1345.02. Toth v. Spitzer (Dec. 18, 1998), Montgomery App. No. 17178.
 {¶ 14} As one judge aptly stated: "Despite its clearly pro-consumer stance, the [OCSPA] was not intended to encompass all aspects or breaches of consumer *Page 7 
sales agreements but was instead directed specifically toward deficiencies in common law consumer remedial protections, which forced consumers to endure the consequences of deceptive trade practices without an adequate remedy. It must necessarily follow that the Act should generally not be extended where the claim does not involve a deceptive trade practice and consumer interests are adequately protected under alternative common law, administrative, and statutory remedies." Id. (Walters J., concurring). Thus, the mere fact that a party has breached a contract or violated a warranty does not give rise to a OCSPA claim in the absence of indicia of unfair or deceptive practices associated therewith. See id. (Walters J., concurring).
 {¶ 15} The party asserting the OCSPA violation maintains the burden of proving the truth of his allegations and that the conduct complained of violates the OCSPA. Id. (Walters J., concurring). Where a jury expressly determines that a supplier has not committed any "unfair or deceptive acts," a trial court does not err in concluding that the breach of contract found by the jury does not constitute a violation of the OCSPA.Toth, supra. Again, the burden of demonstrating the concurrent breach of contract and OCSPA violation rests with the consumer.
 {¶ 16} In the instant action, it was the jury's responsibility to decide whether THC's actions could fairly be characterized as unfair or deceptive upon *Page 8 
considering all the relevant facts and circumstances of the case. SeeKnoth v. Prime Time Mktg. Mgt., Montgomery App. No. 20021,2004-Ohio-2426. Although the work may have been imperfect, the jury could nonetheless find that THC's performance, taken as a whole, was not a deceptive, unfair, or unconscionable act. The jury specifically determined that THC did not violate the OCSPA by committing an act or engaging in a practice that was unfair or deceptive. It was within the province of the jury to make this determination, and it was not inconsistent with the jury's findings that THC breached the contract and breached one or more express warranties. Accordingly, we find that the trial court did not err in overruling Wasserman's motion for judgment notwithstanding the verdict. Wasserman's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1