[Cite as *Norco Equip. Co. v. Simtrex, Inc.*, 2011-Ohio-3688.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95914**

## NORCO EQUIPMENT COMPANY

PLAINTIFF-APPELLEE

vs.

## SIMTREX, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-518421

**BEFORE:** Cooney, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2011

**ATTORNEYS FOR APPELLANT**

Richard E. Hackerd
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Brent L. English
Law Offices of Brent L. English
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Simtrex, Inc. ("Simtrex"), appeals the trial court's judgment awarding money damages and prejudgment interest to plaintiff-appellee, Norco Equipment Company ("Norco"). We find no merit to the appeal and affirm.

{¶ 2} Norco is a dealer of industrial air compressors and ancillary equipment. Simtrex exports equipment to companies in the Middle East. In 2006, Norco filed suit against Simtrex, claiming breach of contract and unjust enrichment for failing to pay for an air compressor that Norco sold to Simtrex. Simtrex asserted counterclaims for breach of contract, breach of

Uniform Commercial Code ("UCC") warranties, and fraud. Simtrex also asserted a third-party complaint for fraud and conversion against Norco's president, Eric Niedermeyer ("Niedermeyer"). Simtrex alleged that Norco, through Niedermeyer, falsely represented that the air compressor it sold to Simtrex was new, when, in fact, it was used.

{¶ 3} At the close of evidence at the first trial, the court granted a directed verdict in favor of Norco and Niedermeyer, and entered judgment in favor of Norco in the amount of $162,355, the contract price for the air compressor and equipment. The court dismissed Simtrex's counterclaims against Norco and Niedermeyer. The trial court also granted Norco's motion for prejudgment interest for the period from September 3, 2003 to August 29, 2008 in the amount of $55,514.52. Simtrex appealed to this court, which reversed and remanded the case for a new trial, finding factual questions for a jury to decide on several of the claims.[1]

{¶ 4} On remand, the parties conducted additional discovery and retried the case in September 2010. The same live witnesses testified in the second trial except that, this time, the court allowed Simtrex to present the videotaped trial testimony of Gerard Muller ("Muller") as an expert on air compressors.

---

[1]*Norco Equip. Co. v. Simtrex, Inc.*, Cuyahoga App. No. 92479, 2009-Ohio-5562.

{¶ 5} Niedermeyer testified that he "absolutely" told Shaji Simon ("Simon"), Simtrex's owner, that there were 400 engineering test hours on the air compressor but that it had full warranties on the motor and the whole package would be guaranteed for one year. Simon, however, testified that he understood the air compressor was "to be new," and denied knowing anything about engineering test hours.

{¶ 6} Muller testified, over Norco's objection, that a piece of equipment ordered from the manufacturer that arrived with 400 hours indicated on the hour meter would not be regarded as a "new" piece of equipment. Further, Muller testified that when a piece of industrial equipment such as an air compressor is identified in a sales contract, the equipment is presumed new unless otherwise specified.

{¶ 7} The jury returned a verdict in favor of Norco in the amount of $162,355.00. Norco moved for prejudgment interest, which the trial court granted in the amount of $63,197.77 for the period from August 30, 2003 to the date of judgment for a total judgment of $225,552.77, plus post-judgment interest. Simtrex now appeals, raising three assignments of error.

<u>Prejudgment Interest</u>

{¶ 8} In the first assignment of error, Simtrex argues the trial court erred in granting prejudgment interest to Norco without a hearing and before

the deadline for Simtrex to file a response brief. Simtrex contends the trial court abused its discretion in awarding prejudgment interest because Simtrex asserted "good faith defenses."

{¶ 9} An award of prejudgment interest on a breach of contract claim is governed by R.C. 1343.03(A). *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 33, 734 N.E.2d 782. In pertinent part, R.C. 1343.03(A) provides that: "when money becomes due and payable upon any * * * contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum." Thus, where a party has been granted judgment on an underlying contract claim, that party is entitled to prejudgment interest as a matter of law. *Reminger & Reminger Co., L.P.A. v. Fred Siegel Co.* (Mar. 1, 2001), Cuyahoga App. No. 77712, citing *Dwyer Elec., Inc. v. Confederated Builders, Inc.* (Oct. 29, 1998), Crawford App. No. 3-98-18. The court has no discretion on the issue of whether to grant prejudgment interest. Id.

{¶ 10} Prejudgment interest acts as compensation and serves to ultimately make the aggrieved party whole. *Wasserman v. The Home Corp.*, Cuyahoga App. No. 90915, 2008-Ohio-5477, citing *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 115, 652 N.E.2d 687. "Prejudgment interest under R.C. 1343.03(A) is based on the premise that a party to a contract should not retain the use of money owed under a contract

when that amount is due and payable to the other contracting party." *Fiorilli Constr., Inc. v. A. Bonamase Contracting, Inc.*, Cuyahoga App. No. 94719, 2011-Ohio-107, ¶59, quoting *Wasserman* at ¶7.

{¶ 11} Although the right to prejudgment interest under R.C. 1343.03(A) is nondiscretionary, the trial court has discretion to determine when the money became "due and payable" and the aggrieved party should be compensated for the lapse of time between the accrual of the claim and judgment. *Royal Elec.* at 115-116. Thus, while the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of an accrual date. Id.

{¶ 12} Simtrex does not challenge the court's August 30, 2003 accrual date. Simtrex argues the court should have held a hearing and should not have ruled on the motion for prejudgment interest before Simtrex had filed a response brief. However, since the trial court had no discretion whether to award prejudgment interest under R.C.1343.03(A), once liability was established, neither a hearing nor a response brief would have changed that result.

{¶ 13} Furthermore, the evidence at trial established that Simtrex issued a purchase order on August 11, 2003 for the air compressor and related items. The same purchase order required Simtrex to pay Norco

$162,355.00 by an irrevocable letter of credit and provided that the equipment would be delivered within two weeks. Accordingly, the trial court determined that Simtrex owed Norco the purchase price for the air compressor on or before August 30, 2003, and calculated prejudgment interest from that date. Because the accrual date was conclusively established at trial, we find no reason to conclude that a hearing or response brief would have changed the accrual date. Accordingly, we find no error in the trial court's award of prejudgment interest without a hearing or a response brief.

**{¶ 14}** The first assignment of error is overruled.

<u>Evidence of Merchantability</u>

**{¶ 15}** In the second assignment of error, Simtrex argues the trial court committed "reversible error" by not permitting Simon to express his opinion that an air compressor with 400 engineering test hours "would not have passed among merchants." In the third assignment of error, Simtrex argues the trial court abused its discretion by excluding its expert's opinion as to whether the air compressor was "new" or "used." Simtrex contends that had its expert been allowed to testify that 400 hours of developmental work on the air compressor would not be consistent with new equipment, the outcome of the trial would have been different. Because these assigned errors involve similar analysis of the legal issues, we discuss them together.

{¶ 16} The admission of relevant evidence is within the sound discretion of the trial court. Its decision to admit or exclude such evidence will not be reversed absent a showing of an abuse of discretion. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056. Further, Evid.R. 103(A) provides:

> "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

{¶ 17} See, also, *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 164-165, 407 N.E.2d 490. (holding that an improper evidentiary ruling constitutes reversible error only when the error affects the substantial rights of the adverse party or the ruling is inconsistent with substantial justice).

{¶ 18} In determining whether Simtrex's rights were substantially impaired in developing its case, it is necessary to set forth what elements must be proven in a breach of implied warranty of merchantability claim. R.C. 1302.27(A) provides that a warranty of merchantability is implied in every contract for the sale of goods. To be merchantable, R.C. 1302.27(B) provides, in pertinent part, that the goods must:

> "(1) pass without objection in the trade under the contract description; and
>
> * * *
>
> "(3) [be] fit for the ordinary purposes for which such goods are used; and

"(4) run, within the variations permitted by the agreement, of even kind, quality and quantity, within each unit and among all units involved."

R.C. 1302.27(B)(1), (3), and (4).

{¶ 19} Although the court did not allow Simon to offer his opinion that the air compressor would not have passed as merchantable "among merchants," the court allowed the expert, Muller, to testify as to the merchantability of the equipment. He stated that "a piece of equipment ordered from a manufacturer that arrived with 400 hours indicated on the hour meter on that piece of equipment would not be regarded as a new piece of equipment." Muller also explained what effect 400 engineering test hours would have on the equipment and that when a piece of industrial equipment such as an air compressor is identified in a sales contract, this means "new equipment unless otherwise specified."

{¶ 20} Although Muller was precluded from testifying that a new air compressor should not have any developmental hours associated with it, he was permitted to testify that 400 developmental hours indicated on the hour meter "would not be regarded as new." Thus, contrary to Simtrex's third assignment of error, the jury heard evidence that 400 hours of developmental work on air compressor would mean the compressor should not be considered "new."

**{¶ 21}** Moreover, regarding the second assignment of error, we also find no error by the court. The objectionable question to Simon, Simtrex's owner, was as follows:

"Q: Among merchants, would that compressor have passed? Would they have accepted those goods, according to your purchase order?"

**{¶ 22}** Norco's counsel immediately objected, and the following exchange took place, beginning with Norco's counsel objecting as follows:

"MR. ENGLISH: Objection.

"A: No.

"THE COURT: Objection is sustained. The answer is stricken.

"MR. HACKERD: Thank you, your honor.

"BY MR. HACKERD:

"Q: On September 4th of 2003, was the compressor acceptable to you for the purchase of resale?

"A: No."

**{¶ 23}** Although it is not clear on what ground the court sustained the objection, the objection was properly sustained on at least two grounds. First, the question was confusing because it was compound in nature. Second, Simtrex failed to lay a foundation for Simon to testify as to what other merchants in the industry would do under the circumstances of this case, if such an opinion would ever be admissible even with a proper

foundation. Counsel for Simtrex abandoned the question without making any effort to rephrase it or lay a proper foundation. It is impossible to determine what the trial court would have done had Simtrex cured the defects in its objectionable question. Therefore, we find no abuse of discretion in the court's excluding Simon's opinion based on the improper question.

{¶ 24} Accordingly, the second and third assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR