[Cite as *Fabrizi Trucking & Paving Co., Inc. v. Cleveland*, 2017-Ohio-531.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104124**

# FABRIZI TRUCKING & PAVING CO., INC.

PLAINTIFF-APPELLEE/
CROSS-APPELLANT

vs.

# CITY OF CLEVELAND

DEFENDANT-APPELLANT/
CROSS-APPELLEE

## JUDGMENT:
AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-791309

**BEFORE:** Celebrezze, J., Keough, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEYS FOR APPELLANT,
CROSS-APPELLEE**

Barbara A. Langhenry
City of Cleveland
Director of Law
By:      L. Stewart Hastings
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEE**,
**CROSS-APPELLANT**

Thomas J. Stefanik
John R. Christie
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
1375 E. 9th Street, Suite 1600
Cleveland, Ohio 44114

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, city of Cleveland ("city"), appeals the judgment entered upon a jury verdict in favor of plaintiff-appellee, Fabrizi Trucking & Paving Co., Inc. ("Fabrizi"), for breach of contract. The city argues that the trial court erred by denying its motions for summary judgment and a directed verdict. On cross-appeal, Fabrizi argues that the trial court erred by denying its motion for prejudgment interest. After a thorough review of the record and law, this court affirms in part, reverses in part, and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} The instant matter arose from a contractual dispute between Fabrizi and the city. On July 27, 2012, the parties entered into an emergency contract for the repair of a broken sewer line on the city's west side.

{¶3} Shortly after the project commenced, there was a dispute regarding the type of backfill that the project called for. Fabrizi intended to complete the project using #304 aggregate backfill ("#304 fill"), and contemplated the use of #304 fill in submitting its bid for the project. Fabrizi claimed that the bid specifications did not provide for the use of low-strength mortar fill ("LSM").

{¶4} The city wanted Fabrizi to use LSM, which is more expensive than #304 fill. Accordingly, Fabrizi completed the project using the more costly LSM. Fabrizi sought compensation for the additional costs it incurred from using LSM rather than #304 fill.

The city did not approve the additional costs nor any changes to the contract. The city compensated Fabrizi pursuant to the terms of Fabrizi's bid.

{¶5} On September 12, 2012, Fabrizi filed a complaint against the city alleging causes of action for breach of contract and unjust enrichment. Therein, Fabrizi alleged that the city unilaterally requested a change of certain bid specifications, and failed to either issue a change order or compensate Fabrizi for the extra costs incurred as a result of the change in specifications. Fabrizi sought compensation for the difference in price between the #304 fill and LSM fill. Fabrizi asserted that it suffered damages in the amount of $155,000 and sought interest from September 6, 2012.[1]

{¶6} On May 13, 2013, Fabrizi filed a motion for partial summary judgment. The city filed a motion for summary judgment and a memorandum in opposition to Fabrizi's motion for partial summary judgment on June 3, 2013. Fabrizi did not respond to the city's motion for summary judgment. The trial court denied Fabrizi's motion for partial summary judgment and the city's unopposed motion for summary judgment on July 11, 2013.

{¶7} On September 23, 2013, the city filed a motion in limine seeking to preclude the admission of any evidence of a contract that failed to comply with the Ohio Revised Code and Cleveland Codified Ordinances ("C.C.O."). The trial court denied the city's unopposed motion in limine on October 16, 2013.

---

[1] Fabrizi alleged that the city communicated its refusal to pay the extra costs incurred from the specification change on this date.

**{¶8}** A jury trial commenced on November 20, 2013. The city moved for a directed verdict at the close of Fabrizi's opening argument, the close of Fabrizi's case, and at the close of all the evidence. The trial court denied the city's motions for a directed verdict.

**{¶9}** On November 22, 2013, the jury returned a verdict in favor of Fabrizi; the jury awarded damages in the amount of $274,116.14 with post-judgment interest at the statutory rate commencing on the date of judgment. Fabrizi filed a motion for prejudgment interest on December 5, 2013.

**{¶10}** The city filed a notice of appeal on December 20, 2013. On August 8, 2014, this court, sua sponte, dismissed the city's appeal for lack of a final appealable order, finding that the trial court had not ruled on Fabrizi's motion for prejudgment interest. The trial court denied Fabrizi's motion for prejudgment interest on January 18, 2016.

**{¶11}** On February 16, 2016, the city filed the instant appeal assigning one error for review:

> I. The trial court erred as a matter of law when it failed to grant summary judgment or a directed verdict in favor of the [city] for an alleged breach of contract when none of the requirements for a public contract were met.

**{¶12}** Fabrizi filed a cross-appeal assigning one error for review:

> I. The trial court improperly denied Fabrizi's motion for prejudgment
>
> interest. Pursuant to Ohio [l]aw, the same is mandatory and not

discretionary and should have been awarded upon a proper and timely motion based upon a jury verdict in favor of [Fabrizi].

## II. Law and Analysis

## A. Summary Judgment

{¶13} In its sole assignment of error, the city argues that the trial court erred by denying its motion for summary judgment.

{¶14} We review the trial court's denial of summary judgment de novo. *State ex rel. Sunset Estate Properties, L.L.C. v. Lodi*, 142 Ohio St.3d 351, 2015-Ohio-790, 30 N.E.3d 934, ¶ 6. We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶15} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶16} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. However, if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the

existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶17} Before we reach the merits of appellant's assigned error, we note that generally, a ruling on a motion for summary judgment cannot be reversed by a reviewing court if the case has subsequently gone to trial on the same factual issues raised therein. *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156, 642 N.E.2d 615 (1994). "This rule prevents the fundamental unfairness of overturning a fully litigated verdict in favor of a judgment rendered in a summary proceeding based on a curtailed presentation of evidence." *Chieffo v. YSD Industries, Inc.*, 157 Ohio App.3d 182, 2004-Ohio-2481, 809 N.E.2d 1186, ¶ 7 (7th Dist.), citing *Continental* at *id.*

> Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.

*Continental* at syllabus.

{¶18} When the trial court errs in denying summary judgment on an issue of law, however, the error is not rendered harmless by a subsequent trial on the merits. *Wargo v. Susan White Anesthesia, Inc.*, 8th Dist. Cuyahoga No. 96410, 2011-Ohio-6271, ¶ 10, citing *Continental* at 158. Accordingly, regardless of the movant's lack of success at trial, we may review a denial of a motion for summary judgment involving a pure

question of law.  *Id*.   Furthermore, we may also review a denial of summary judgment if the issues raised at the summary judgment stage were not litigated at trial. *Continental* at 159.

{¶19} In its motion for summary judgment, the city argued that (1) there was not a valid contract or change order for the additional expenses that Fabrizi sought compensation for and (2) the emergency project's specifications required the use of LSM fill.   On the other hand, Fabrizi opposed the city's motion for summary judgment on the basis that the specifications provided that #304 fill could be used in completing the project.

{¶20} The trial court denied the city's motion for summary judgment, concluding, in relevant part:

> the [city] claims that no contract exists because the documents purporting to constitute the contract show that Fabrizi's work was "to be performed" after 09/10/12, i.e. the second meeting of council from the date of the emergency authorization, in violation of Section 181.12(B) of the Cleveland Codified Ordinances.

> That is not accurate.   Work was "to be performed" beginning ten days after the 07/27/2012 notice to proceed, i.e. well before September 10[, 2012].

{¶21} These issues were subsequently raised and contested during trial.   A contract is construed as a matter of law if the contract is "clear and unambiguous." *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995).   However, the meaning of an ambiguous contract is an issue of fact for the

jury to resolve. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 13; *Brown v. Columbus All-Breed Training Club*, 152 Ohio App.3d 567, 2003-Ohio-2057, 789 N.E.2d 648, ¶ 18 (10th Dist.). A contract is ambiguous if it is "susceptible to more than one reasonable interpretation." *Michael A. Gerard, Inc. v. Haffke*, 8th Dist. Cuyahoga No. 98488, 2013-Ohio-168, ¶ 11, citing *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 177, 556 N.E.2d 1186 (1990).

{¶22} In the instant matter, it is undisputed that the parties interpreted the emergency project's specifications differently. The city asserts that the project called for the use of LSM. In support of its position, the city directs this court to the "Cleveland LSM" document in the bid package. On the other hand, Fabrizi asserts that the project permitted the use of #304 fill. In support of its position, Fabrizi directs this court to an Ohio Department of Transportation specification drawing that indicated #304 fill could be used. Accordingly, the parties' contract was not clear and unambiguous such that it should be construed as a matter of law. The interpretation of the parties' agreement was an issue of fact to be decided by the jury.

{¶23} The construction of a written contract, however, is an issue of law, while ambiguity in a contract is generally an issue of fact for the jury to resolve. *Westfield* at ¶ 13. Thus, we will determine whether the trial court erred in determining that a contract existed between the city and Fabrizi.

{¶24} The city argued that a valid contract did not exist between the city and

Fabrizi because the contract was not authorized under C.C.O. 181.12. C.C.O. 181.12, governing emergency purchases and contracts, provides:

> (a) When an emergency occurs requiring an immediate purchase to prevent an interruption of public service that would endanger public health, safety or welfare, as declared and determined by the department director or designee, the Commissioner of Purchases and Supplies, affording as much competition as is practical under the circumstances, may make the purchase notwithstanding that the expenditure exceeds fifty thousand dollars ($50,000.00) when the Mayor and the President of Council determine the immediate purchase is necessary to prevent an interruption of public service that would endanger public health, safety or welfare, provided that the purchase and the nature of the emergency shall be reported to Council at the next regular meeting following the authorization of the purchase.

> (b) Nothing contained in this section shall authorize any contract for service to be performed beyond the period of the second meeting of Council following the authorization of the contract by the empowered officials.

Specifically, the city argued that the contract was not authorized under C.C.O. 181.12(b) because Fabrizi's performance took place after the second meeting of council following the authorization of the emergency contract on September 10, 2012.

{¶25} After reviewing the record, we find that a valid and enforceable contract existed between the city and Fabrizi, the terms of which were governed by the emergency project's specifications, Fabrizi's bid, the city's acceptance of Fabrizi's bid, and the city's order that Fabrizi proceed with the project.

{¶26} In July 2012, the city requested bids from contractors, including Fabrizi, for the completion of the emergency sewer repair project. The bids were due on or before July 25, 2012. Fabrizi submitted a bid to complete the project for $350,031.55. Of the seven contractors from which the city requested bids for the emergency project, Fabrizi's

bid was the lowest. Fabrizi's bid provided, in relevant part, "date of commencement: 10 days from 'notice to proceed'" and "number of working days for completion: 60." In Emilio Fabrizi, Jr.'s, July 11, 2013 affidavit, he stated that Fabrizi's work on the emergency project commenced "on or around July 28, 2012."

{¶27} In a July 25, 2012 memorandum, the Commissioner of the Division of Water and Pollution Control, Rachid Zoghaib ("Zoghaib"), acknowledged that Fabrizi submitted the lowest bid for the emergency project, and he recommended that Fabrizi begin working immediately. This memorandum was approved by the Director of the Department of Public Utilities, Barry Withers.

{¶28} The Commissioner of the Division of Purchases & Supplies, James Hardy, also prepared a memorandum on July 25, 2012, requesting authorization from Mayor Frank Jackson, President of Council and Chairman of Finance Committee Martin Sweeney, and Director of Finance Sharon Dumas to accept Fabrizi's bid and tender a purchase order to Fabrizi to complete the emergency project for $350,031.55. Sweeney and Dumas approved the request on July 26, 2012; Mayor Jackson approved the request on July 27, 2012.

{¶29} In Zoghaib's affidavit, which the city attached in support of its motion for summary judgment, he stated that Fabrizi was given notice to proceed with the emergency project on July 27, 2012. On July 27, 2012, Cecilia Mazzei, a consulting engineer with the city's Division of Water and Pollution Control, sent an email directing Fabrizi to proceed with the work on the emergency project as soon as possible.

{¶30} Based on our independent review of the record, we find that the city was not entitled to summary judgment based on the lack of a valid contractual agreement between the city and Fabrizi for the emergency sewer repair project. The parties' contract necessitated immediate action or performance on Fabrizi's part. Thus, the contract did not violate C.C.O. 181.12.

{¶31} Although the city assigns the trial court's denial of its motions for a directed verdict as error, the city's arguments pertain solely to the issue of summary judgment. The city fails to cite any authority in support of its position that it was entitled to a directed verdict. *See* App.R. 16(A)(7). Thus, we decline to investigate the alleged error on behalf of the city.

{¶32} For all of the foregoing reasons, the city's sole assignment of error is overruled.

## B. Prejudgment Interest

{¶33} On cross-appeal, Fabrizi argues that the trial court erred by denying its motion for prejudgment interest. We agree.

{¶34} This court reviews a trial court's ruling on a motion for prejudgment interest for an abuse of discretion. *Damario v. Shimmel*, 8th Dist. Cuyahoga Nos. 90760 and 90875, 2008-Ohio-5582, ¶ 55, citing *Scioto Mem. Hosp. Assn. v. Price Waterhouse*, 74 Ohio St.3d 474, 479, 659 N.E.2d 1268 (1996). An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶35}** The award of prejudgment interest as to claims arising out of breach of contract is governed by R.C. 1343.03(A). *C4 Polymers, Inc. v. Huntington Natl. Bank*, 2015-Ohio-3475, 41 N.E.3d 788, ¶ 82 (8th Dist.). R.C. 1343.03(A) provides, in relevant part, that when money becomes due and payable on a judgment "arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to R.C. section 5703.47 of the Revised Code[.]"

**{¶36}** Prejudgment interest acts as compensation and ultimately serves to make the aggrieved party whole. *Wasserman v. The Home Corp.*, 8th Dist. Cuyahoga No. 90915, 2008-Ohio-5477, ¶ 8, citing *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 117, 652 N.E.2d 687 (1995). Once liability for breach of contract has been established, the trial court does not have discretion in awarding prejudgment interest. *Keller & Kehoe, L.L.P. v. Smart Media of Delaware, Inc.*, 8th Dist. Cuyahoga No. 103607, 2016-Ohio-5409, ¶ 35. Where a party has been granted judgment on an underlying contract claim — such as Fabrizi in the instant matter — that party is entitled to prejudgment interest as a matter of law. *Waina v. Abdallah*, 8th Dist. Cuyahoga No. 86629, 2006-Ohio-2090, _ 39.

**{¶37}** In determining whether to award prejudgment interest pursuant to R.C. 1343.03(A), an aggrieved party should be compensated for the lapse of time between accrual of the claim and judgment. *Royal Elec.* at 116. Accordingly, the only issue for resolution by a trial court in claims made pursuant to R.C. 1343.03(A) is how much interest is due to the aggrieved party. *Id.* In making this determination, the trial court

must make a factual finding as to "when interest commences to run, i.e., when the claim becomes 'due and payable,' and to determine what legal rate of interest should be applied." *Dwyer Elec., Inc. v. Confederated Builders, Inc.*, 3d Dist. Crawford No. 3-98-18, 1998 Ohio App. LEXIS 5490 (Oct. 29, 1998), quoting *Royal Elec.* at 115. In other words, while the right to prejudgment interest in a breach of contract claim is a matter of law, the amount of interest awarded to the aggrieved party is based on the trial court's factual determination of an accrual date and an interest rate. *See Waina* at ¶ 40.

**{¶38}** R.C. 2743.18 provides, in relevant part, "[p]rejudgment interest shall be allowed with respect to a civil action on which a judgment or determination is rendered against the state for the same period of time and at the same rate as allowed between private parties to a suit."

**{¶39}** In the instant matter, the trial court held a hearing on Fabrizi's motion for prejudgment interest on July 23, 2015. The trial court heard arguments from Fabrizi's counsel; the city did not participate in the hearing. A review of the transcript from the hearing reveals that there was a dispute regarding whether Fabrizi was entitled to prejudgment interest on the jury's award of $274,116.14 and also post-judgment interest on the jury's award plus the prejudgment interest award.

**{¶40}** In *Nakoff v. Fairview Gen. Hosp.*, 118 Ohio App.3d 786, 694 N.E.2d 107 (8th Dist.1997), this court held that "postjudgment interest may be calculated on prejudgment interest and * * * is not compounded interest. * * * [P]rejudgment interest shall be merged with the underlying damages award for purposes of postjudgment interest." *Id.* at 787-788. *Accord Hulse v. Angala*, 8th Dist. Cuyahoga No. 93547, 2010-Ohio-365.

**{¶41}** The trial court denied Fabrizi's motion for prejudgment interest without explanation. Because the city was found liable for breaching its contract with Fabrizi, Fabrizi is entitled to prejudgment interest as a matter of law. Accordingly, the trial court's judgment denying Fabrizi's motion for prejudgment interest is reversed; the matter is remanded to the trial court for the limited purpose of holding a hearing to determine when the interest began to run.

**{¶42}** Fabrizi's sole assignment of error is sustained.

### III. Conclusion

**{¶43}** After thoroughly reviewing the record, we find that the trial court properly denied the city's motion for summary judgment. However, because Fabrizi is entitled to prejudgment interest as a matter of law, the trial court erred by denying Fabrizi's motion for prejudgment interest.

**{¶44}** The trial court's judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellee/cross-appellant recover of appellant/cross-appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LARRY A. JONES, SR., J., CONCUR