[Cite as *Shimrak v. Goodsir*, 2016-Ohio-1467.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103270 and 103395**

## PETER E. SHIMRAK, ET AL.

PLAINTIFFS-APPELLEES

vs.

## SUSAN GOODSIR, AS SUCCESSOR TRUSTEE TO THE WILLIAM MEYER TRUST

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-794008

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 7, 2016

**ATTORNEY FOR APPELLANT**

Mark I. Wachter
Wachter, Kurant, L.L.C.
30195 Chagrin Boulevard
Suite 300, Pepper Pike Place
Cleveland, Ohio 44124


**ATTORNEYS FOR APPELLEES**

Amanda A. Barreto
Steven M. Ott
Lindsey A. Wrubel
Ott & Associates Co., L.P.A.
1300 East Ninth Street
Suite 1520
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Susan Goodsir ("Goodsir"), successor trustee to the William Meyer Trust, appeals from the trial court's judgment that determined damages for breach of a real estate transaction. We affirm in part, reverse in part, and remand.

## I. Background

**{¶2}** On May 24, 2006, plaintiffs-appellees Peter and Patricia Shimrak (the "Shimraks") entered into an agreement to purchase residential property from Goodsir for $340,000, the full asking price for the home. On August 18, 2006, after they were unable to obtain financing, the Shimraks notified Goodsir that they would be withdrawing from the transaction. Goodsir then relisted the house for sale, eventually selling the house in May 2007 for $272,000 — $68,000 less than what the Shimraks had agreed to pay.

**{¶3}** The Shimraks initiated this action in the Rocky River Municipal Court, seeking return of the $2,000 they paid as earnest money for the purchase. Goodsir then counterclaimed for breach of contract relating to the Shimraks' failure to perform as outlined in the purchase agreement. She also sought a declaratory judgment of her rights under the purchase agreement. With Goodsir's counterclaim exceeding the monetary jurisdiction of the municipal court, the case was transferred to the court of common pleas. The court of common pleas then released the earnest money to the Shimraks without objection from Goodsir.

**{¶4}** After a hearing on the declaratory judgment action, the trial court found in favor of the Shimraks. On appeal, this court reversed the trial court's judgment, finding that the Shimraks had breached their performance obligations under the terms of the agreement relating to obtaining financing, and could not unilaterally withdraw from the purchase agreement. *Shimrak v. Goodsir*, 8th Dist. Cuyahoga No. 100612, 2014-Ohio-3716, ¶ 15. Accordingly, this

court remanded the matter to the trial court to enter judgment for Goodsir and determine damages.

{**¶5**}　On remand, the parties submitted briefs regarding the issue of damages, and the trial court heard argument from counsel. After argument, the court ordered the parties to provide, by affidavit, responses to the following questions:

1.　At the time the Shimraks made their offer, what was the amount of the "other offer on the house" that Goodsir had received?

2.　What steps did the Goodsirs undertake to contact the individuals who made "the other offer on the house," and when were those steps taken?

3.　Why was the other offer not available?

{**¶6**} In response, Goodsir submitted an affidavit from Hilarie Hilonis, her real estate agent during the transaction. Hilonis averred that the other offer on the house was approximately $319,000, and that when she learned that the Shimraks would not follow through with the purchase agreement, she immediately contacted the couple who had submitted the other offer. That couple had moved on to another transaction, however, and was no longer interested in Goodsir's property.

{**¶7**} The Shimraks responded that the other offer was $305,000, as indicated by an email dated August 4, 2006, from Hilonis to Goodsir that was admitted at trial.

{**¶8**} The trial court subsequently issued the following judgment entry:

The Court finds that the measure of damages is $35,000 plus interest from August 16, 2006. The Court finds that the fair market value at the time of the breach was what a willing buyer would have paid a willing seller. While there seems to be a dispute as what the offer was at the time the Shimraks made their offer and at the time of the breach, Shimraks' counsel stated that it was $305,000. The difference between $340,000 and $305,000 is $35,000. Thereforth [sic], the Court award damages at $35,000.

{¶9} When Goodsir's counsel subsequently attempted to file a judgment lien with the clerk of courts, the clerk rejected counsel's attempt and wrote on the judgment entry, "Need a <u>clear</u> JE if you are reversing creditor/debtor."[1]  (Emphasis sic.)  Goodsir then filed a Civ.R. 60(A) motion, asking the court to clarify the ambiguity as to which party was the judgment creditor and which the judgment debtor.  The trial court denied the motion, and this appeal followed.

## II.  Analysis

{¶10} In her first assignment of error, Goodsir contends that the trial court's award of $35,000 in damages was against the manifest weight of the evidence. A judgment supported by competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 367 N.E.2d 578, syllabus.

{¶11} The proper measure of damages for a buyer's breach of contract for the sale of real property is the difference between the original contract price and the fair market value of the property at the time of the breach.  *Snider-Cannata Interests, LLC v. Ruper,* 8th Dist. Cuyahoga No. 93401, 2010-Ohio-1927, ¶ 45, citing *Roesch v. Bray*, 46 Ohio App.3d 49, 50, 545 N.E.2d 1301 (6th Dist.1988).  Fair market value is generally defined as the price that would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the open market.  *Loft v. Sibcy-Cline Realtors*, 1st Dist. Hamilton No. C-880446, 1989 Ohio App. LEXIS 4593 (Dec. 13, 1989).

---

[1]Because this action was originally filed by the Shimraks in the Rocky River Municipal Court, they appear as the plaintiffs in the case and Goodsir appears as a defendant.

{¶12} Defense counsel conceded at oral argument that the Shimraks' breach occurred on June 26, 2006, 30 days after Goodsir accepted the Shimraks' offer, and when the purchase agreement required the Shimraks to exercise their options under the contract related to obtaining financing. The trial court apparently considered the offer of $305,000 that was presented to Goodsir in May 2006, a month before the Shimraks' breach, as evidence of the fair market value of the property at the time of the breach.

{¶13} Goodsir contends that this offer was not evidence of the fair market value of the property at the time of the Shimraks' breach because her retrospective appraisal of the property, conducted in April 2013, determined that the fair market value of the property on August 16, 2006 was $275,000. The appraisal is admittedly some evidence of the fair market value of the property. But the $305,000 offer is also evidence of the fair market value because it demonstrates what a willing purchaser would have paid for the property at a point in time close to the Shimraks' breach. As trier of fact, the trial court was free to decide which evidence it found more credible.

{¶14} We are not persuaded by Goodsir's argument that the $305,000 number is invalid because it came only from statements of the Shimraks' counsel; as noted, an email from Goodsir's agent to Goodsir that was introduced at trial stated that the other offer was $305,000.

{¶15} We are also not persuaded by Goodsir's argument that the $305,000 figure is not valid because the offer was made before instead of after the Shimraks' breach. The offer was presented in May 2006, only a month before the Shimraks' breach. Although the cases that determine the fair market value of property based upon a subsequent sale after a breach discuss after-breach offers to determine the fair market value of property, we find no hard and fast rule in

the case law that a court may consider only after-breach offers to determine the fair market value of property.

{¶16} Accordingly, because there was some competent, credible evidence in the record to support the trial court's decision, we cannot find that the trial court's decision was against the manifest weight of the evidence. The first assignment of error is overruled.

{¶17} In her second assignment of error, Goodsir contends that the trial court erred in denying her Civ.R. 60(A) motion requesting that court clarify the ambiguity in its judgment entry as to which party was the judgment creditor and which the judgment debtor.

{¶18} Civ.R. 60(A) permits a trial court to correct clerical mistakes that are apparent on the record. The term "clerical mistake" refers to a mistake or omission that is apparent on the record but does not involve a substantive legal decision or judgment. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996).

{¶19} Civ.R. 60(A) relief was appropriate for the trial court's failure to specifically render judgment in favor of Goodsir in its judgment entry. *See Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App.3d 63, 2002-Ohio-5370, 783 N.E.2d 560, ¶ 18 (7th Dist.). The court's failure to clearly designate the judgment creditor and judgment debtor was a mistake that could be remedied pursuant to Civ.R. 60(A). In light of the clerk of court's rejection of Goodsir's attempt to file a judgment lien using the journal entry, and the clerk's notation on the journal entry that "Need a <u>clear</u> JE if you are reversing creditor/debtor," the trial court abused its discretion in denying Goodsir's Civ.R. 60(A) motion to correct the ambiguity. The second assignment of error is sustained.

{¶20} Judgment affirmed in part, reversed in part, and remanded, with instructions for the trial court to clarify its judgment entry to reflect judgment for Goodsir in the amount of $35,000,

plus interest from June 24, 2006. Such judgment is to clearly designate Goodsir as the judgment creditor and the Shimraks as the judgment debtors.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR