[Cite as *Walters v. Goddard*, 2020-Ohio-870.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DONALD E. WALTERS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2019-T-0044** |
| DANIEL GODDARD, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 02097.

Judgment: Affirmed.

*Ned C. Gold, Jr.,* The Gold Law Firm, 7011 East Market Street, Warren, Ohio 44484 (For Plaintiffs-Appellees).

*Jeffrey V. Goodman*, 119 West Market Street, Warren, Ohio 44481 (For Defendants-Appellants).

THOMAS R. WRIGHT, J.

{¶1}  Appellants, Daniel and Melissa Goddard, appeal the trial court's decision awarding appellees, Donald E. and Kimberly Walters, damages for breaching a residential real estate agreement.  We affirm.

{¶2}  We previously considered an appeal in this case and reversed and remanded for an award of damages.  *Walters v. Goddard,* 11th Dist. Trumbull No. 2017-

T-0082, 2018-Ohio-5184, 127 N.E.3d 322. On remand, the trial court awarded the Walters $40,000 plus statutory interest from August 25, 2014.

{¶3} The Goddards raise one assignment of error:

{¶4} "The trial court abused its discretion by entering a damage award against the appellants where the appellees failed to offer competent, credible evidence that the resale price was the true indicator of the fair market value at the time of breach."

{¶5} Although this court has stated that we review damage awards in breach of contract cases for an abuse of discretion, the appropriate standard of review is manifest weight of the evidence. *Oldendick v. Crocker*, 8th Dist. Cuyahoga No. 103384, 2016-Ohio-5621, 70 N.E.3d 1033, ¶ 56; *Langenfeld v. Hard Working Young Men, LLC*, 5th Dist. Stark No. 2019CA00030, 2019-Ohio-4567, ¶ 9; *Rasnick v. Tubbs*, 126 Ohio App.3d 431, 436, 710 N.E.2d 750 (3rd Dist.1998); *Boice v. Emshoff*, 3rd Dist. Seneca No. 13-98-23, 1998 WL 833686, (Dec. 3, 1998), *9; *Shimrak v. Goodsir*, 8th Dist. Cuyahoga No. 103270, 2016-Ohio-1467, ¶ 10; but see *Spalla v. Fransen*, 11th Dist. Geauga No. 2009-G-2910, 188 Ohio App.3d 658, 2010-Ohio-3460, 936 N.E.2d 552, ¶ 19 & 36 (holding that "reviewing court will not disturb a trial court's decision regarding its determination of damages absent an abuse of discretion" but applying a manifest weight of the evidence standard) citing *Williams v. Kondziela,* 11th Dist. Lake No. 2002-L-190, 2004-Ohio-2077, 2004 WL 877727, ¶ 19; and *Kaufman v. Byers*, 11th Dist. Geauga No. 2003-G-2525, 159 Ohio App.3d 238, 2004-Ohio-6346, 823 N.E.2d 530, ¶ 37 (stating that we review damage awards for an abuse of discretion).

{¶6} Upon reviewing for manifest weight of the evidence, an appellate court must be guided by the presumption that the factfinder's findings are correct. *Langenfeld*, *supra*,

2

citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984) and *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. And appellate courts must weigh the evidence and all reasonable inferences and consider the credibility of witnesses determining whether, in resolving conflicts in the evidence, the factfinder clearly lost its way. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20-21. Reversal based on manifest weight of the evidence should occur in exceptional cases when the evidence weighs heavily against the judgment. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541 (1997).

{¶7} Damages for breach of contract must be established with enough evidence showing damages in an amount that can be ascertained with reasonable certainty and not based on speculation. *Father's House Internatl., Inc. v. Kurguz*, 10th Dist. Franklin No. 15AP-1046, 2016-Ohio-5945, 71 N.E.3d 711, ¶ 39; *James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883, ¶ 32-33.

{¶8} "[T]he proper measure of damages for a breach of a real estate contract is the difference between the original contract price and the fair market value of the property at the time of the breach." *Williams v. Kondziela,* 11th Dist. Lake No. 2002-L-190, 2004-Ohio-2077, at ¶ 20. "[A] party seeking to recover damages must show not only the resale price, but also that the resale price was the true indicator of the fair market value at the time of the breach." *Kaufman v. Byers,* 159 Ohio App.3d 238, 2004-Ohio-6346, 823 N.E.2d 530, ¶ 39 (11th Dist.) (citation omitted); *accord Reitz v. Giltz & Assocs., Inc.*, 11th Dist. Trumbull No. 2005-T-0126, 2006-Ohio-4175, ¶ 30.

3

{¶9} Relying on *Williams v. Kondziela*, supra, the Goddards generally contend that reversal is required since the evidence at trial is insufficient to base a damages award here. We disagree.

{¶10} *Williams* involved the breach of a real estate transaction that arose via auction, not a sale on the open market, and the resale used at trial to demonstrate the seller's damages was through a private sale. Thus, the buyer argued on appeal that the seller failed to mitigate its damages. We disagreed finding no error because the buyer failed to raise this affirmative defense in its answer or raise the issue at trial. Consequently, the trial court did not err in failing to address mitigation upon calcultaing damages. *Id.* at ¶ 23.

{¶11} As in *Williams*, the Goddards did not raise the affirmative defense of failure to mitigate in their answer nor did they assert this argument at trial. Moreover, unlike *Williams*, both the sale and the resale of the real estate herein were sales on the open market, not via auction or private sale. Thus, *Williams* is inapplicable.

{¶12} And while an appraisal is evidence of fair market value of real estate, and an expert may testify as to the value of the property at the time, this is not the only way to secure a damage award for breach of a real estate agreement. *Spalla v. Fransen*, 11th Dist. Geauga No. 2009-G-2910, 188 Ohio App.3d 658, 2010-Ohio-3460, 936 N.E.2d 552, ¶ 43.

{¶13} "Fair market value is generally defined as the price that would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the open market. *Loft v. Sibcy-Cline Realtors,* 1st Dist. Hamilton No. C–880446, 1989 Ohio App. LEXIS 4593, 1989 WL 149667 (Dec. 13, 1989)." *Shimrak v. Goodsir*, 8th Dist. Cuyahoga

4

No. 103270, 2016-Ohio-1467, ¶ 11; *accord DeSantis v. Soller*, 70 Ohio App.3d 226, 237, 590 N.E.2d 886 (10th Dist.1990).

{¶14} Further, several courts, including this one, have held that "when the sale of real estate after a breach of contract is made ' * * * within a reasonable time and at the highest price obtainable after the breach, [it] is evidence of the market value on the date of the breach. * * *.'" *Roesch v. Bray*, 46 Ohio App.3d 49, 50, 545 N.E.2d 1301, 1303 (6th Dist.1988), *cause dismissed,* 37 Ohio St.3d 701, 531 N.E.2d 1316 (1988); *accord Spalla v. Fransen*, 11th Dist. Geauga No. 2009-G-2910, 188 Ohio App.3d 658, 2010-Ohio-3460, 936 N.E.2d 552, ¶ 44.

{¶15} Here, the Walters' real estate agent Kimberly Griffin testified that she has sold approximately one thousand homes during her 23-year career. She confirmed that the Walters listed their home for sale in 2014. The Goddards signed the purchase agreement on July 13, 2014 offering to buy the Walters' home for $225,000, and the Walters accepted. The closing was to occur no later than August 25, 2014.

{¶16} However, the parties never closed on the sale. Griffin never heard back from the Goddards after July 25, 2014. Realizing the deal was not going through, Griffin returned the Walters' home to the active home listing on August 14, 2014. She explained that most agents tend not to show clients homes that are listed as under contract or contingent. She explained that a home listed as "under contract" delays showings on that property because most agents would skip it since it is already engaged in a contract.

{¶17} Griffin returned the house to the active list with a list price of $225,000, the same price the Goddards offered. On September 15, 2014, however, the Walters reduced the asking price for the first time because they were closing the pool and the best

5

season for selling a home with a pool in Trumbull County was ending. They further reduced the price in October, January, and February incrementally to a final list price of $189,000. They received an offer of $185,000, which they accepted, and they closed on this sale in March of 2015.

{¶18} In assessing damages on remand, the trial court found sufficient evidence to award damages based on the difference between the Goddards' offer of $225,000 and the ultimate sales price of $185,000. The court notes that it found Griffin's testimony as credible evidence of the fair market value of the home.

{¶19} The subsequent $185,000 offer established the fair market value of the Walters' home at the time of the breach because it was an agreed upon price between a willing seller and a willing buyer in a voluntary sale on the open market within a reasonable time after the breach. *Loft,* supra; *Roesch v. Bray*, 46 Ohio App.3d 49, paragraph two of the syllabus.

{¶20} Based on the foregoing, the Goddards' sole assigned error lacks merit, and the trial court's decision is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

6