[Cite as *Lake Breeze Condominium Homeowners' Assn. v. Eastlake Ohio Developers, L.L.C.*, 2022-Ohio-3002.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LAKE BREEZE CONDOMINIUM HOMEOWNERS' ASSOCIATION, | CASE NO. 2021-L-124 |
| Plaintiff-Appellee/ Cross-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| EASTLAKE OHIO DEVELOPERS, LLC, | Trial Court No. 2017 CV 002013 |
| Defendant-Appellant/ Cross-Appellee. | |

## O P I N I O N

Decided: August 29, 2022
Judgment: Affirmed in part, reversed in part, and remanded

*Michael R. Stavnicky*, Singerman, Mills, Desberg & Kauntz CO., LPA, 3333 Richmond Road, Suite 370, Beachwood, OH 44122 (For Plaintiff-Appellee/Cross-Appellant).

*David M. Dvorin*, Lieberman, Dvorin & Dowd, LLC, 30195 Chagrin Boulevard, Suite 300, Pepper Pike, OH 44124 (For Defendant-Appellant/Cross-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant/Cross-Appellee, Eastlake Ohio Developers, LLC ("EOD"), appeals the Lake County Court of Common Pleas' judgment awarding Appellee/Cross-Appellant, Lake Breeze Condominium Homeowners' Association ("Lake Breeze"), damages for "recoverable depreciation," interim road contribution fees, and attorney's fees. Lake Breeze cross appeals the trial court's judgment and requests that we reverse and order the trial court to increase the damages awarded to them.

**Substantive Facts and Procedural History**

{¶2}    In 2016, EOD purchased property directly adjacent to Lake Breeze, a private residential condominium community, to construct ten condominiums and integrate them into Lake Breeze's condominium regime.  Lake Breeze is governed by the Declaration, which required EOD to obtain Lake Breeze's consent to begin construction on the adjacent land.  The Declaration also requires each owner in the community to pay all assessment fees and to repair and replace any property it damages.  EOD commenced work on ten residential units without Lake Breeze's consent.  When working on Lake Breeze's common areas, land, and roads, Lake Breeze claims that EOD trespassed on its property and damaged grated drains ("the grates") and concrete roads.

{¶3}    Later in 2016, Lake Breeze sued EOD, asserting trespass and seeking a temporary restraining order.  To resolve the dispute, the parties entered a Memorandum of Understanding.  The memorandum required EOD to reimburse Lake Breeze $5,000 in attorney's fees for that lawsuit.

{¶4}    The memorandum granted EOD a temporary easement to use Lake Breeze's roads for construction.  The Easement required that EOD pay road contribution fees of $117 per unit per month that it owned each unit for which a certificate of occupancy had been filed until the units were added to Lake Breeze's Declaration.  Under the Declaration, once the units were added to Lake Breeze, the road contribution fees increased to $200 per month per unit.  The memorandum stated that EOD "agrees to promptly repair or replace, with like materials, in a good and workmanlike manner, any damage to Condominium Property that is damaged by Eastlake."  The memorandum also provided that EOD would fix the damaged grates at its sole cost and expense.  Lastly, the

2

memorandum provided for mutual indemnifications, which required both parties to "each agree to submit any claim otherwise to be indemnified pursuant to this Section to their respective insurers" before Lake Breeze is entitled to recover from EOD under the agreement.

{¶5}    After the parties signed the memorandum, EOD continued construction on the lots.  However, EOD did not repair the damaged concrete roads and grates.  Lake Breeze argued that EOD did not comply with the memorandum because they had not paid the interim road contribution fees.

{¶6}    Lake Breeze submitted an insurance claim to their insurer, State Farm, for the damaged grates.  State Farm estimated the cost to repair or replace the grates was $21,957.  State Farm insured Lake Breeze $13,443.88 for the actual value at the time of loss, with a $5,000 deductible.  State Farm entitled Lake Breeze to $3,513.21 for "recoverable depreciation" of the grates.  The record is unclear whether Lake Breeze accepted the "recoverable depreciation."

{¶7}    In 2017, Lake Breeze sued EOD seeking compensatory and punitive damages.  Lake Breeze claimed breach of the Declaration of Condominium Ownership arising out of EOD's failure to pay all assessments and fees due, breach of the Memorandum of Understanding, unjust enrichment, and specific performance.[1]  Lake Breeze sought full compensation for the damaged grates, concrete roads, additional assessment fees, interim road contribution fees, and $50,784.40 in attorney's fees.

---

1. Lake Breeze abandoned the unjust enrichment and specific performance claims and did not argue either at trial.

3

Case No. 2021-L-124

{¶8}    The parties proceeded to a three-day bench trial.  To support their request for attorney's fees, Lake Breeze's counsel admitted three exhibits, each of which were the law firm's own breakdown of costs.  Additionally, an expert witness testified that he spoke with the attorneys, and considered the exhibits and time spent on the case.  The expert testified that "[m]y opinion to a reasonable degree of certainty is that the time incurred by you and the various other members of your office, the hourly rates that you charged for this, and the services that you performed in this case, were reasonable, necessary and appropriate under the circumstances."

{¶9}    The trial court entered a verdict in favor of Lake Breeze.  The court awarded Lake Breeze $5,000 for their deductible to repair the grates and $3,513.12 for the "recoverable depreciation" for the grates, but held that Lake Breeze was not "entitled to a double recovery of the full amount paid by its insurance company."  The court also awarded Lake Breeze $11,107.39 in road contribution fees.  Lastly, the court awarded Lake Breeze $27,500 in attorney's fees.  The court held that the full amount of attorney's fees requested were not reasonable because $17,360.45 of the amount requested were costs incurred in the prior lawsuit.  In its judgment entry, the court also held that Lake Breeze was not entitled to damages for repairing the concrete roads because they did not prove that EOD caused damage to the concrete roads.

{¶10}  EOD raises three assignments of error: (1) that the trial court erred by awarding Lake Breeze damages for "recoverable depreciation" for the grates EOD damaged during construction; (2) that the trial court erred by awarding Lake Breeze damages for the interim road contribution fees that EOD did not pay; and (3) that the trial court erred by awarding Lake Breeze attorney's fees.

4

{¶11} In their cross-appeal, Lake Breeze raises three assignments of error: (1) that the trial court erred by not awarding the full amount it requested to repair the grates; (2) that the trial court erred by not awarding the full amount requested for attorney's fees; and (3) that the trial court erred by awarding nothing to compensate Lake Breeze for the concrete roads that EOD allegedly damaged.

{¶12} After a review of the record and applicable law, we find: (1) the trial court erred by awarding Lake Breeze damages for "recoverable depreciation" for the grates less the $5000 deductible because they already recovered the damages from their insurance provider. The court did not err by not awarding Lake Breeze the 15% service fee for repairing the grates because the issue was not raised at trial; (2) the trial court did err in awarding Lake Breeze damages for interim road contribution fees because the grant of temporary easement expressly provided that the fees would be due only for units that had a certificate of occupancy prior to being added to Lake Breeze's Declaration; (3) the trial court did not err in finding that Lake Breeze, through witness testimony, did not prove EOD caused the damage to the concrete roads; and (4) The trial court did not err in awarding Lake Breeze damages for reasonable attorney's fees because the court has sole discretion in determining the amount. The trial court also did not err in finding that Lake Breeze was the prevailing party because the verdict was rendered in their favor.

## Analysis

**The Grates:**

{¶13} EOD's First Assignment of Error: "The trial court committed prejudicial error in awarding Appellee Lake Breeze Condominium Homeowners' Association $3,513.12 in

5

depreciation when it was entitled to receive that sum in connection with its insurance claim."

{¶14} Lake Breeze's First Cross-Assignment of Error: "The Trial Court erred in failing to award all damages relating to the grates in the amount of $17,200."

{¶15} EOD first asserts that the trial court erred by awarding Lake Breeze damages for "recoverable depreciation" for the grates when they are already entitled to it from the insurance company. Lake Breeze contends that the court did not err by awarding them "recoverable depreciation," but asserts that the trial court erred by not awarding full damages to replace the grates.

{¶16} The standard of review for damage awards in breach of contract cases is manifest weight of the evidence. *Walters v. Goddard*, 11th Dist. Trumbull 2020-Ohio-870, 2020 WL 1139065, ¶ 5.

{¶17} "Upon reviewing for manifest weight of the evidence, an appellate court must be guided by the presumption that the factfinder's findings are correct." *Id.* at ¶ 6, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984) and *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. Appellate courts must weigh the evidence and all reasonable inferences and consider the credibility of witnesses determining whether, in resolving conflicts in the evidence, the factfinder clearly lost its way. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20-21. "Reversal based on manifest weight of the evidence should occur in exceptional cases when the evidence weighs heavily against the judgment." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541 (1997). "[A]n appellate court will not reverse a judgment as being contrary to the weight

6

of the evidence as long as there is some competent, credible evidence supporting the judgment." *In re Kangas*, 11th Dist. Ashtabula No.2006–A0084, 2007–Ohio–1921, ¶ 81.

{¶18} In their complaint, Lake Breeze requested both compensatory and punitive damages.

{¶19} Under Ohio law "[p]unitive damages are generally not recoverable in an action for breach of contract." *Digital & Analog Design Corp. v. N. Supply Co.*, 44 Ohio St.3d 36, 45–46, 540 N.E.2d 1358 (1989), quoting *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922), at syllabus.

{¶20} "The purpose of compensatory damages is to make the injured party whole, or in other words, to put the injured party in the position he or she would have been in had the injury not occurred." *Allen v. Allen*, 11 Dist. Trumbull No. 2000-T-0137, 2002 WL 407974, *2 (Mar. 15, 2002).

{¶21} Here, Lake Breeze filed a claim with their insurance provider, State Farm, to repair or replace the grates. State Farm estimated the cost to repair or replace the grates was $21,957, and insured Lake Breeze $13,443.88 for the actual value at the time of loss, less the $5,000 deductible. State Farm also notified Lake Breeze that they were entitled to $3,513.21 for "recoverable depreciation" of the grates, but the record is unclear whether Lake Breeze accepted it.

{¶22} Lake Breeze asserts that it was EOD's sole responsibility under the memorandum to repair or replace the grates. Lake Breeze also asserts that they were not required under the memorandum to file an insurance claim because it was EOD's responsibility to repair the grates at their own cost and expense. EOD did not repair or replace the grates, and Lake Breeze filed an insurance claim on their own volition. Thus,

7

Lake Breeze is only damaged by the amount they need to repair the grates (taking into account the entire amount they are entitled to from State Farm).

**{¶23}** Because the insurance claim entitles Lake Breeze to recover $16,957, which includes the "recoverable depreciation," they are only "out of pocket" for the $5,000 deductible. Further, the evidence presented provides that Lake Breeze only spent $14,800 on the actual repair of the grates. Therefore, awarding Lake Breeze anything more than $5,000 from EOD goes beyond making the party "whole" and could result in Lake Breeze "double recovering."

**{¶24}** We find it was against the manifest weight of the evidence for the court to award Lake Breeze $3,513.21 in "recoverable depreciation." Looking to all reasonable inferences, the evidence does not demonstrate that Lake Breeze is entitled to "recoverable depreciation" and cannot recover the full amount to repair the grates because the $5,000 deductible allows the remaining amount to be recovered through insurance, making Lake Breeze "whole."

**{¶25}** In support of its first cross-assignment of error, Lake Breeze argues that the court erred in failing to award them 15% for a service fee to repair the grates.

**{¶26}** EOD correctly contends that Lake Breeze failed to request or demand this fee at trial and has therefore waived the issue on appeal. A failure to raise an issue for damages at trial is waived on appeal. *L.G. Harris Fam. Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C.*, 2nd Dist. Montgomery No. 26682, 2016-Ohio-7242, ¶ 71. Lake Breeze claims that they did raise the issue at trial, but that the court "simply forgot about this component of damage." However, the only testimony regarding the 15% service fee was when Lake Breeze examined EOD's owner at trial on damages for the grates. At

Case No. 2021-L-124

trial, Lake Breeze read the clause regarding the service fee. EOD's owner testified that it was a correct reading of Lake Breeze's Declaration. However, Lake Breeze offered no further evidence that the damages were owed or sought. Therefore, Lake Breeze waived the issue for the 15% service fee on appeal.

**{¶27}** EOD's first assignment of error is with merit, and we reverse and remand the judgment of the Lake County Court of Common Pleas to deduct the $3,513.21 in "recoverable depreciation."

**{¶28}** Lake Breeze's first cross-assignment of error is without merit.

**The Interim Road Contribution Fees:**

**{¶29}** EOD's second assignment of error: "The trial court committed prejudicial error in determining that Appellant Eastern Ohio Development, LLC owed an interim road contribution fee for the units prior to obtaining certificate of occupancy for the units in contravention of express terms of the parties' Memorandum of Understanding."

**{¶30}** "The construction and interpretation of contracts are matters of law." *Latina v. Woodpath Dev. Co.*, 57 Ohio St.3d 212, 214, 567 N.E.2d 262 (1991), quoting *Alexander v. Buckeye Pipe Line* Co., 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146 (1978), paragraph one of the syllabus. "An appellate court applies a de novo standard of review to questions of law and may interpret the language of the contract, substituting its interpretation for that of the trial court." *Children's Med. Ctr. v. Ward*, 87 Ohio App.3d 504, 508, 622 N.E.2d 692 (1993). "However, a reviewing court will not substitute its judgment for that of the trial court regarding findings of fact if those findings are supported by competent, credible evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

Case No. 2021-L-124

{¶31} In a breach of contract action, the parties are bound by the express terms of a contract. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St. 3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 43. "In construing a written instrument, the primary and paramount objective is to ascertain the intent of the parties so as to give effect to that intent." *Shafer v. Newman Ins. Agency*, 4th Dist. Highland No. 12CA11, 2013-Ohio-885, ¶ 10, citing Aultman *Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). "When the terms of a contract are unambiguous, courts will not, in effect, create a new contract by finding an intent not expressed in the clear language employed by the parties." *Waina v. Abdallah*, 8th Dist. Cuyahoga No. 86629, 2006-Ohio-2090, ¶ 31, citing *Shifrin v. Forest City Ents.*, 64 Ohio St.3d 635, 597 N.E.2d 499 (1992). "If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms." *Uebelacker v. Cincom Sys., Inc.*, 48 Ohio App.3d 268, 271, 549 N.E.2d 1210 (1st Dist.1988).

{¶32} EOD argues that they were not required to pay the interim road contribution fees because the units did not have a certificate of occupancy filed prior to adding the units to Lake Breeze's Declaration.

{¶33} The parties were bound by a grant of temporary easement that entitled EOD to use Lake Breeze's roads for construction. The interim road contribution fee section provided:

> Prior to the submission of all New Units and the Additional Property to the Declaration, Eastlake agrees to pay LBHOA, in arrears, on the first day of each month prior such Submission, the monthly sum which is $117.00 per New Unit for which a Certificate of Occupancy has been issued by the City of Eastlake.

10

Case No. 2021-L-124

{¶34} EOD did not have certificates of occupancy for their units until after the units had been added to the Declaration never paid the interim road contribution fees.

{¶35} The trial court found in favor of Lake Breeze, finding that under the grant of temporary easement, EOD was required to pay the $117 interim road contribution fees for the units despite them being added to the Declaration prior to EOD obtaining the certificates of occupancy. We disagree.

{¶36} The express terms of the provision state that $117 a month per unit was owed for each unit that had a certificate of occupancy prior to being added to the Declaration. The express terms of the contract are clear and unambiguous: "the monthly sum which is $117.00 per New Unit *for which a Certificate of Occupancy has been issued* by the City of Eastlake." (Emphasis added).

{¶37} Here, EOD did not have certificates of occupancy for some of the units prior to submitting the units to the Declaration. Consequently, under the grant of temporary easement's express terms, EOD was under no obligation to pay the interim road contribution fees for units that the City of Eastlake had not issued certificates of occupancy prior to EOD adding the units to the Declaration.

{¶38} We reverse and remand to the trial court solely on the issue of damages for the interim road contribution fees to determine which units, if any, had certificates of occupancy prior to being added to Lake Breeze's Declaration, and whether EOD had paid the interim road contribution fees for those units.

{¶39} EOD's second assignment of error is with merit.

11

**The Concrete Roads:**

{¶40} Lake Breeze's third cross-assignment of error: "The trial court erred in failing to award damages for the concrete roads."

{¶41} '[A]n appellate court applies a manifest-weight standard of review when reviewing a trial court's findings of fact following a bench trial." *Estate of Eyrich*, 11th Dist. Trumbull No. 2016-T-0002, 2016-Ohio-7165, ¶ 17.

{¶42} Lake Breeze contends that the trial court erred in finding that EOD did not breach the memorandum by failing to repair the damaged roads because Lake Breeze did not prove that EOD caused the damage.

{¶43} In its judgment entry, the court stated that Lake Breeze did not provide sufficient evidence to prove causation. Lake Breeze's own witnesses testified that they did not see the damage occur and did not know whether EOD caused the damage or whether it was caused by other large machinery that frequently used the roads. The witnesses only testified that the roads were damaged near where EOD was building. The trial court found this evidence insufficient to prove that EOD caused the damage. We agree. Lake Breeze's own testimony that the damaged roads were ones EOD used most often is speculative and does not prove EOD caused the damage, or if it was caused by other factors.

{¶44} Lake Breeze's third assignment of error is without merit.

**Attorney's Fees:**

{¶45} EOD's third assignment of error: "The trial court committed prejudicial error in determining that Appellee Lake Breeze Condominium Homeowners' Association was the 'Prevailing Party' in this litigation and entitled to an award of attorney's fees."

12

Case No. 2021-L-124

**{¶46}** "Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 369, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc.*, 33 Ohio St.3d 32, 34, 514 N.E.2d 702 (1987).

**{¶47}** The determination that a party is the prevailing party in a contract that permits the recovery of attorney fees is reviewed de novo. *Gauthier v. Gauthier*, 12th Dist. Warren Nos. CA2018-09-098, CA2018-09-099, 2019-Ohio-4208, ¶ 63.

**{¶48}** "A 'prevailing party' is one in whose favor the decision or verdict is rendered and judgment entered." *Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc.*, 11th Dist. Lake No. 2009–L–056, 2010–Ohio–823, ¶ 45. "[A] party who received a jury verdict in his favor and was awarded damages, no matter how small, has prevailed in the suit." *Haynes v. Christian*, 9th Dist. Summit No. 24556, 2009-Ohio-3973, ¶ 6. "[P]revailing party means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims." *J.B.H. Properties, Inc. v. N.E.S. Corp.*, 11th Dist. Lake 2007-L-24, 2007-Ohio-7116, ¶ 15. Further, characterizing "prevailing party" as a legal term of art, the United States Supreme Court has stated that it means "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded * * *.'" *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), quoting Black's Law Dictionary 1145 (7th ed.1999). The Supreme Court further held that "'respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" *Id.*, quoting *Hewitt v. Helms*, 482 U.S. 755, 760,

107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). "[A]n award of nominal damages suffices under this test." *Id*. at 604.

{¶49} Here, Lake Breeze's Declaration, which EOD is subject to, provides that the prevailing party in a lawsuit shall recover reasonable attorney's fees.

{¶50} EOD asserts that Lake Breeze is not the prevailing party because they were only awarded a fraction of the damages requested. Specifically, Lake Breeze was awarded approximately 53% of the damages requested. To support their argument, EOD cites *Simbo Properties, Inc. v. M8 Realty, L.L.C.*, 2019-Ohio-4361, 149 N.E.3d 941 (8th Dist.). *Simbo* is easily distinguished because there was a jury verdict entered in favor of both parties. *Id*. at ¶ 37. Thus, the general rule that the prevailing party is one whose favor the verdict is entered did not apply.

{¶51} Here, the judgment entry states: "judgment is rendered in favor of the Plaintiff Lake Breeze Homeowners' Association and against Defendant Eastlake Ohio Developers, LLC." Lake Breeze is the prevailing party here because a judgment was entered, and a verdict rendered, in their favor. It does not matter that Lake Breeze only recovered a portion of the award requested.

{¶52} EOD's third assignment of error is without merit.

{¶53} Lake Breeze's second cross-assignment of error: "The trial court erred in failing to award all attorney's fees incurred."

{¶54} Generally, the decision whether to award attorney's fees and how much is a matter within the sound discretion of the trial court. *Frederick v. Frederick*, 11th Dist. No. 98–P–0071, 2000 WL 522170, *25 (Mar. 31, 2000). This court has stated "that the term 'abuse of discretion' is one of art, connoting judgment exercised by a court, which

14

does not comport with reason or the record." *State v. Underwood*, 11th Dist. No. 2008–L–113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925).

{¶55} "Courts have recognized that merely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed." *Whitaker v. Kear*, 123 Ohio App.3d 413, 424, 704 N.E.2d 317 (4th Dist.1997); *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 324, 653 N.E.2d 1245 (10th Dist.1995). "Often, parties offer expert testimony to establish that the hours charged was reasonable in light of the litigation's particular facts." *E.g., Hawkins v. Miller*, 11th Dist. No.2011–L–036, 2011–Ohio–6005, ¶ 28 (affirming award of attorney fees where expert testified to the amount of time and hourly rate charged); *Whitaker* at 424–25.

{¶56} Here, Lake Breeze asserts that their attorneys are entitled to $50,784.40 in attorney's fees when the trial court only awarded them $27,500. Lake Breeze supported their request for attorney's fees with three exhibits, each of which were the law firm's own breakdown of costs. Additionally, an expert witness testified that he spoke with the attorneys, considered the exhibits and time spent on the case, and found that $50,784.40 in attorney's fees was "reasonable, necessary and appropriate under the circumstances."

{¶57} In its judgment entry, the court, in its sole discretion, considered all three exhibits, the expert testimony, and any past due balances from Lake Breeze's prior suit against EOD. The court found that considering all the circumstances, $27,500 was reasonable attorney's fees in this instance. Because the amount of attorney's fees awarded is within the sole discretion of the trial court and it deducted past due balances as it found appropriate, we cannot say the trial court determined an amount that does not

15

comport with reason or the record. The court calculated the amount requested, the amount of hours on the case, and the appropriate amount to be deducted. The court did not abuse its discretion in doing so.

{¶58} Lake Breeze's second cross-assignment of error is without merit.

{¶59} The judgment of the Lake County Court of Common Pleas is reversed in part and affirmed in part.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2021-L-124